IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RHONDA BILLUPS, : | |
| : | Case No. 2:13-CV-258 |
| Plaintiff, : | |
| : | JUDGE ALGENON L. MARBLEY |
| vs. : | |
| : | Magistrate Judge Elizabeth P. Deavers |
| OFFICER KYLE SCHOLL, *et al.*, : | |
| : | |
| Defendants. : | |

**OPINION & ORDER**

**I. INTRODUCTION**

This matter is before the Court on Defendant officers Kyle Scholl, Frank Lemak, Jaque Carter, and Heath Gillespie's ("Defendants" or "Officers") Motion to Dismiss (Doc. 9) Plaintiff Rhonda Billups' Amended Complaint. (Doc. 6). Plaintiff sues Defendants under 42 U.S.C. § 1983. (Doc. 6 at ¶ 21). Defendants move to dismiss because of insufficient service and for failure to state a claim upon which relief can be granted. (Doc. 9 at 2). For the foregoing reasons, Defendant's Motion is **DENIED**.

**II. BACKGROUND**

**A. Factual History**

On March 19, 2011, Officers responded to a call from a third party. (Doc. 6 at ¶ 7). That caller reported four or five Black females in a gold Impala who were threatening the caller's son and had a gun. (*Id.*). The Black females in question were reported as being in their late teens to early twenties. (*Id.* at ¶ 9). Officers pulled over the vehicle in which Plaintiff was riding with two other Black females. (*Id.* at ¶ 10).  Plaintiff and her friends were, in fact, in their late 40's. (*Id.* at ¶ 10). During that stop, Plaintiff alleges that the Officers "physically pushed [her] around,

slammed her up against her vehicle, and physically abused her." (*Id.* at ¶¶ 6, 13). Further, "[s]ince the incident, Plaintiff has developed depression… and has been diagnosed with post-traumatic stress disorder as a result of the Defendant's actions." (*Id.* at ¶ 18). Plaintiff was eventually allowed to leave the scene with her friends and no charges were brought against her. (*Id.* at ¶ 17).

Before she filed her complaint, Plaintiff made three public record requests with the Columbus Police Department ("CPD") for information relating to the incident between July 2011 and August 2012. (Doc. 13 at 4-5). Plaintiff made two of these requests on July 18, 2011, without the assistance of counsel. (*Id.* at 4). Her first request was an in-person request at the CPD Internal Affairs Bureau. (*Id.*). She was advised that the Internal Affairs Bureau could not provide any information about the stop because it had occurred over 60 days ago. (Doc. 13-1 at 1). The Internal Affairs Bureau advised Plaintiff to go to the Public Records Unit for information about the stop. (*Id.*). She then submitted a request to the Public Records Unit and specifically requested "patrol record traffic stopped" and provided the date, time, and location of the stop. (*Id.* at 2). The Public Records office denied the request because "[t]he record(s) contained information, which has been redacted due to the fact the redacted portion(s) are either exempt or prohibited from being disclosed under federal or state law." (*Id.* at 5).

Plaintiff's counsel then submitted a request on August 22, 2012. (Doc. 13 at 4). Counsel requested "any information regarding Rhonda Billups… [s]pecifically any and all records regarding the stop on March 19, 2011[,] at approximately 7 p.m." (Doc. 13-1 at 6). An employee in the Columbus Police Records Unit responded that the CPD "Records Unit does not have a record of any reports or arrests for Rhonda Billips[1] at this time." (*Id.* at 7). Plaintiff and

---

[1] The employee in the Columbus Police Records Unit who drafted this response misspelled Plaintiff's last name. The correct spelling is "Billups," which is the spelling provided to the Columbus Police Records Unit ("the Unit")

counsel next submitted public record requests on November 5, 2013, which specifically requested the officers' names. (*Id.* at 8-12). Plaintiff and counsel received the Officers' names in response to those requests. (Doc. 9-6 at ¶¶ 72-75).

### B. Procedural History

Plaintiff filed her complaint on March 19, 2013, against six John Doe Defendants. (Doc. 1). Thus, her 120 day window to effect service ended on July 17, 2013. This Court issued an order directing Plaintiff to explain why her claims should not be dismissed for failure to obtain timely service on September 23, 2013. (Doc. 3 at 1-2). Plaintiff responded that she had been suffering from a mental illness that interfered with her ability to discover Defendants' identities. (Doc. 4 at 1-2). She requested an extra 45 days to amend her complaint with real defendants and effectuate service. (*Id.* at 2). On October 7, 2013, the Court found good cause for an extension and ordered Plaintiff to substitute the real defendants for John Doe and effect service on or before November 18, 2013. (Doc. 5 at 1-2). Plaintiff amended her complaint on November 14, 2013, to include the names of Defendants. (Doc. 6). On November 19, 2013, Plaintiff sent the amended complaint and requests for waiver of service to Defendants. (Doc. 9-1 at ¶ 4). On December 2, 2013, Defendants informed Plaintiff that they would not waive service. (Doc. 9-1 at ¶ 21). Plaintiff mailed summonses and copies of the amended complaint on December 17. (*Id.* at ¶ 23). Service was complete on December 20, 2013. (Doc. 8).

### III. STANDARD OF REVIEW

Rule 12(b)(5) provides that an action may be dismissed for "insufficient service of process." FED.R.CIV.P. 12(b)(5). The requirements for service of process are provided in Rule 4 of the Federal Rules of Civil Procedure. A plaintiff "bears the burden of perfecting service of

---

when the August 22, 2012 request was made. It is unclear whether that Unit was unable to locate Plaintiff's record because of the misspelling. The misspelling, however, was the fault of the Unit and not Plaintiff and, therefore, the Unit's failure to locate Plaintiff's record was the Unit's fault, not Plaintiff's.

process and showing that proper service was made." *Sawyer v. Lexington-Fayette Urban County Government*, 18 Fed. App'x 285, 287 (6th Cir. 2001) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)).  Courts may look to "record evidence" and "uncontroverted affidavits" to determine whether plaintiffs have met this burden.  *Pension Ben. Guar. Corp. v. Uforma/Shelby Bus. Forms, Inc.*, 2014 WL 221941, at *2 (S.D. Ohio 2014).

Federal Rule of Civil Procedure 12(b)(6) allows for a case to be dismissed for "failure to state a claim upon which relief can be granted."  Such a motion "is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958–59 (6th Cir.2005).  Thus, the Court must construe the complaint in the light most favorable to the non-moving party.  *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir.2008).  But the Court is not required to accept as true mere legal conclusions unsupported by factual allegations.  *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).  Although liberal, Rule 12(b)(6) requires more than bare assertions of legal conclusions.  *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir.1993) (citation omitted).  Generally, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2).  But the complaint must "give the defendant fair notice of what the claim is, and the grounds upon which it rests." *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir.2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).  In short, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  It must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

## IV. LAW AND ANALYSIS

### A. Insufficient Service

Rule 4(m) of the Federal Rules of Civil Procedure requires a plaintiff to serve a defendant within 120 days of filing a complaint.  A court must extend the time for service when a plaintiff shows good cause.  *See* FED.R.CIV.P. 4(m).  And a court may, in its discretion, extend time for service without a showing of good cause.  *See Stewart v. Tennessee Valley Authority*, 2000 WL 1785749, at *1 (6th Cir. 2000).  "Good cause necessitates a demonstration of why service was not made within the time constraints of [the Federal Rules of Civil Procedure]."  *Hall v. Runyon*, 25 F.3d 1048, at *1 (6th Cir. 1994).

In the case *sub judice*, Plaintiff's first deadline for effecting service was on July 17, 2013.  Plaintiff signed an affidavit on October 4, 2013, stating that her mental and physical health has "been getting better" and that she is "now able to work on the case."  (Doc. 4-1 at ¶¶ 2-3).  Plaintiff also stated that at that time she had "located the name of the officer" who was involved in the incident.  (*Id.* at ¶ 4).  The Court granted Plaintiff's motion for a 45-day extension of time and ordered a new deadline for service on November 18, 2013.  (Doc. 5).  Plaintiff sent the amended complaint and request for waiver of service on November 19, 2013, a day after the deadline for completion of service.  (Doc. 9 at Ex. 1-5).  Service was effectuated on December 20, 2013.  (Doc. 8).

Plaintiff made multiple requests from the CPD for information before filing her complaint, but CPD did not provide the names of the officers until Plaintiff specifically requested it.  The Public Records Unit refused to provide the information when Plaintiff first requested it in July 2011.  (Doc. 13-1 at 1, 5).  Following a request by Plaintiff's counsel, the Columbus Police Records Unit stated that they did not have access to any information about the

incident in August 2012.  (*Id.* at 7).  CPD practically played a shell game with Plaintiff when she diligently tried to get information that was uniquely within CPD's control.  Only after counsel intervenes was plaintiff given the complete information that she sought.  Under these circumstances, this Court finds good cause for extending Plaintiff's time for effecting service and finds that service was proper because of CPD's refusal to provide the necessary information.

### B. Failure to State a Claim

Defendants assert that Plaintiff's claims should be dismissed because they are barred by the statute of limitations.  Ohio Revised Code § 2305.10 applies to claims brought under 42 U.S.C. § 1983 and requires Plaintiffs to bring such claims within two-years.  *See Trzebuckowski v. Cleveland*, 319 F.3d 853, 855–56 (6th Cir. 2003); *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989).  The two-year period begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of [her] action."  *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005) (quoting *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)).  Because Plaintiff alleges that her injury occurred on March 19, 2011, her filing deadline was March 19, 2013.  Although Plaintiff did file her complaint on that date, she did not name a defendant until November 14, 2013.  There are two possible exceptions to this filing deadline: (1) when a claim relates back to the original filing date; and (2) when the statute of limitations tolls.

### i. Relation Back

Relation back allows newly added defendants to be added to an ongoing lawsuit "as if they had been part of the case from the beginning."  *Smith v. Gallia Cnty. Sheriff*, 2:10-CV-1184, 2011 WL 2970931, at *4 (S.D. Ohio 2011) (citing *DeBois v. Pickoff*, 2011 WL 1233665, at *5 (S.D. Ohio 2011)).  Rule 15(c) governs relation back.  See FED.R.CIV.P. 15(c).  To relate back, a claim must fulfill two requirements: notice and mistake.

To fulfill the notice requirement of Rule 15(c), the party to be added must have "received such notice of the action that it will not be prejudiced in defending on the merits." FED.R.CIV.P. 15(c)(1)(C)(i). The new party must have had notice of the action by the time the time for service under Rule 4(m) has expired. FED.R.CIV.P. 15(c)(1)(C). The Sixth Circuit incorporates not only "Rule 4(m)'s 120-day baseline" but also "Rule 4(m)'s good-cause baseline exception" into Rule 15's notice deadline. *Jackson v. Herrington*, 393 F. App'x 348, 353 (6th Cir. 2010) (where the court held that notice over 250 days after the 120-day period expired was sufficient because the Plaintiff qualified for the good-cause exception).

In the case *sub judice*, Defendants assert that they did not have notice of the action by the end of the 120-day period. (Doc. 9 at 13). But they concede that they did have notice of the lawsuit by the end of the good-cause extension. (*Id.*). Because the Sixth Circuit extends the notification period to encompass good-cause extensions, Defendants did have notice of the lawsuit within the time period required by 4(m). Plaintiff therefore meets her first requirement for relating her claims against Defendants to the date of the original complaint.

To fulfill the mistake requirement of Rule 15(c), the party to be added must have "[known] or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." FED.R.CIV.P. 15(c)(1)(C)(ii). The Sixth Circuit has held that substituting a newly named defendant for a previously named John Doe never satisfies this mistake requirement because "absence of knowledge is not a mistake." *Brown v. Cuyahoga County*, 517 F. App'x 431, 433-34 (6th Cir. 2013).

When Plaintiff named six John Doe defendants on March 19, 2013, she did not make a mistake. Rather, she lacked knowledge about their identities. This lack of knowledge cannot satisfy the mistake requirement of Rule 15(c); thus, her claims do not relate back to the filing of

7

her initial complaint. Therefore, Plaintiff's complaint does not meet the requirements of the relation back doctrine.

### ii. Equitable Tolling

Since Plaintiff's complaint does not "relate back," to avoid the fatal ending dictated by the statute of limitations, the only available recourse for Plaintiff is equitable tolling. Equitable tolling "allows courts to toll a statute of limitations 'when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Lauderdale v. Wells Fargo Home Mortgage*, 552 F. App'x 566, 570 (6th Cir. 2014) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art*, 209 F.3d 552, 560–61 (6th Cir. 2000)). The party seeking equitable tolling bears the burden of proving that he or she meets the requirements for it. *See Robertson v. Simpson,* 624 F.3d 781, 784 (6th Cir.2010). A plaintiff is only entitled to equitable tolling if she shows: "(1) that [s]he has been pursuing [her] rights diligently; and (2) that some extraordinary circumstance stood in [her] way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

The Sixth Circuit did not find extraordinary circumstances when a plaintiff was merely ignorant of a filing deadline. *See Griffin v. Rogers,* 399 F.3d 626, 637 (6th Cir.2005). But extraordinary circumstances exist when an attorney begins using cocaine, enters rehab, and is sanctioned by the state, and causes the client's deadline for the statute of limitations to pass. *See Robertson v. Simpson,* 624 F.3d 781, 786 (6th Cir.2010). In the Ninth Circuit, the court found extraordinary circumstances when an attorney did not take action after entering into an attorney-client relationship and refused to return the client's file until well after the statute of limitations had expired. *See Spitsyn v. Moore*, 345 F.3d 796, 802 (9th Cir. 2003).

Plaintiff argues that Defendants withheld public records and thus this Court should find that the statute of limitations tolled. (Doc. 13 at 6). In fact, the CPD is in the unique position in that they alone had access to this information. Plaintiff could not have discovered this information without disclosure from the CPD. This situation is analogous to the *Spitsyn* and *Robertson* because Plaintiff did not have the ability to name the Officers without the cooperation of the CPD. The situation is similar because the plaintiffs in those cases did not have the ability to pursue claims when their attorneys effectively prohibited them from doing so. Furthermore, Plaintiff made three public record requests with the CPD for information relating to the incident between July 2011 and August 2012. (Doc. 13 at 4-5). These requests demonstrate that Plaintiff pursued her rights diligently. Plaintiff is entitled to equitable tolling because the CPD did not provide the names of Officers to Plaintiff in a timely manner even though Plaintiff diligently pursued her rights.

## V. CONCLUSION

For the foregoing reasons, this Court **DENIES** Defendants' Motion to Dismiss for insufficient service and for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED.**

       s/ Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: September 29, 2014**